**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| WILLIE LEE CONNER,<br># 247934, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 20-0511-WS-MU |
| | ) | |
| KENNETH PETERS, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Willie Lee Conner, an Alabama state prison inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2254 Cases. In the instant petition, Conner again seeks to challenge his August 30, 2013, conviction for first degree robbery and his resulting sentence of life imprisonment as an habitual felony offender. (Doc. 1 at p. 2). Having carefully considered Conner's petition, Respondent's answer, the exhibits thereto, and the records of this Court,[1] the undersigned **RECOMMENDS** that Conner's habeas corpus petition be **DISMISSED without**

---

[1] The Court takes judicial notice of court documents from *Conner v. Stewart,* No. 1:16-cv-00273-WS-M (S.D. Ala. 2016) because they are public records that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

**prejudice** for lack of jurisdiction due to Conner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## BACKGROUND

As reflected above, Conner was convicted, after trial by jury, of first degree robbery in the Baldwin Count Circuit Court on April 9, 2013, and was sentenced to life in prison under the state habitual offender laws (Doc. 1 at p. 2). Conner appealed his conviction to the Alabama Court of Criminal Appeals arguing that the evidence was not sufficient to convict him of robbery because his reference to a gun occurred after the theft was completed and because he did not represent that he was armed because he was referring to the nail gun he had stolen, not a firearm, when he told store employees who were questioning him that he had a gun. (*Id*. at p. 8). The Court of Criminal Appeals affirmed the conviction and sentence. (*Id*.; *see Conner v. State*, 177 So. 2d 1201 (Table) (Ala. Crim. App. Jan. 31, 2014) (unpublished). The Alabama Supreme Court denied Conner's petition for writ of certiorari. *Ex parte Conner*, 165 So.3d 556 (Ala. 2014).

On October 28, 2014, Conner filed a State Rule 32 petition asserting ineffectiveness of counsel for failing to preserve the argument that he could not have been convicted for first-degree robbery because he did not have a gun. (Doc. 1 at p. 9). That petition was denied by the trial court on January 27, 2015. (*Id*.). The Alabama Court of Criminal Appeals denied Petitioner's appeal. (*Id*.). The Alabama Supreme Court again denied certiorari (*Id*.; *see Ex parte Conner*, 203 So. 3d 62 (Ala. 2016)).

Conner, proceeding *pro se*, filed a federal habeas petition with this Court on June 7, 2016, claiming that his trial attorney rendered ineffective assistance. *Conner v.*

*Stewart,* No. 1:16-cv-00273-WS-M (S.D. Ala. 2016). More specifically, Conner asserted that his trial attorney rendered ineffective assistance in that he (1) did not challenge the sufficiency of the evidence in his first degree robbery conviction and (2) denied him the right to confront his accuser. (*Id.* at Doc. 7, p. 2). After considering the merits of Conner's arguments, the Magistrate Judge recommended that his habeas petiton be denied. (*Id.* at Doc. 7, p. 14). The District Judge adopted that recommendation and entered judgment in favor of the respondent on September 28, 2016. (*Id.* at Docs. 10, 11). Conner filed a notice of appeal and moved for a certificate of appealability, but the Eleventh Circuit denied his motion for a certificate of appealability on November 1, 2016. (*Id.* at Docs. 12, 13, 16). Conner filed a second notice of appeal on February 27, 2017, which was subsequently dismissed for failure to pay the filing fee on July 12, 2017. (*Id.* at Docs. 26, 30).

On February 23, 2017, Conner filed his second *pro se* Rule 32 postconviction petition challenging his conviction in state court. (Doc. 10-27). In that petition, Conner claimed that 1) he was falsely arrested to cover up the fact that the Lowe's employees used excessive force, 2) newly discovered evidence revealed that he did not represent that he had a gun during the robbery, and 3) trial counsel was ineffective for not fully investigating whether he represented that he was armed during the robbery. (*Id.*). On August 4, 2017, the trial court disposed of the petition on the grounds that it was successive and time-barred. (Doc. 10-28). On October 19, 2018, counsel for Conner filed a third Rule 32 petition challenging his conviction. (Doc. 10-19). In that petition, Conner argued that his habitual offender life sentence is cruel and unusual punishment because he was actually guilty of fourth-degree theft of property, not first-degree

robbery. (*Id.* at pp. 9-11). The trial court, concluding that this claim actually was one that attacked the sufficiency of the evidence supporting his robbery conviction, denied the petition as successive and time-barred. (*Id.* at pp. 46-47*)*. The Court of Criminal Appeals affirmed and denied his application for a rehearing, noting that "Conner notably does not allege that a sentence of life imprisonment was excessvie for a habitual offender who is subsequently convicted of a Class A felony, as he was." (Doc. 10-23 at p. 4). The Alabama Supreme Court denied his petition for a writ of certiorari. (Doc. 10-18). This action became final on August 21, 2020, when the Alabama Supreme Court issued a certificate of judgment. (*Id.*)

On October 16, 2020, Conner, now represented by counsel, filed the instant petition in this Court again seeking federal habeas corpus relief from his 2013 conviction and sentence. (Doc. 1). In the instant federal habeas petition, Conner argues that his sentence violates the Eight Amendment because he is actually guilty of fourth-degree theft of property, rather than first-degree robbery, and Alabama law does not authorize a life sentence for fourth-degree theft of property. (Doc.1). In his answer, Respondent contends that this Court lacks jurisdiction to rule on Conner's habeas petition because it is a "second or successive" petition pursuant to 28 U.S.C. § 2244(b) and Conner did not obtain an order from the Eleventh Circuit Court of Appeals authorizing the district court to consider it. (Doc. 10). For the reasons set forth below, the Court finds that Conner's instant § 2254 habeas petition is due to be dismissed without prejudice for lack of jurisdiction because it is a successive petition and Conner did not comply with 28 U.S.C. § 2244(b)(3)(A) prior to filing the petition.

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), "shall move in the appropriate court of appeals for an order authorizing the district court to consider" a "second or successive" federal habeas petition. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007); *see also* Rule 9 of the Rules Governing Section 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton*, 549 U.S. at 153 (citations omitted).

"[T]he petitioner *first* must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) (emphasis added); *see also Tompkins v. Sec'y, Dep't of Corr.,* 557 F.3d 1257, 1259 (11th Cir. 2009) (per curiam) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."); *Morales v. Fla. Dep't of Corr.,* 346 F. App'x 539, 540 (11th Cir. 2009) (per curiam) ("In order to file a second or successive § 2254 petition, the petitioner must first obtain an

order from the court of appeals authorizing the district court to consider it. . . . Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.").

The AEDPA does not define the phrase "second or successive." *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). However, based on the AEDPA's language and context, the Supreme Court has concluded that courts must look to the *judgment* challenged to determine whether a petition is second or successive. *See id.* at 332-33; *Insignares v. Sec'y, Fla. Dep't of Corr.,* 755 F.3d 1273, 1279 (11th Cir. 2014) (per curiam) ("[T]he judgment is the center of the analysis, 'both § 2254(b)'s text and the relief it provides indicate that the phrase "second or successive" must be interpreted with respect to the judgment challenged.'") (quoting *Magwood*, 561 U.S. at 332-33). The Eleventh Circuit has explained that "there is only one judgment, and it is comprised of both the sentence and the conviction." *Id.* at 1281; *see also Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007) ("[T]he judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention.").

This Court's records reflect that Conner previously filed a habeas corpus petition pursuant to the provisions of 28 U.S.C. § 2254, challenging the same 2013 conviction and sentence that he seeks to challenge in the instant petition. *See Conner v. Stewart,* No. 1:16-cv-00273-WS-M (S.D. Ala. 2016). In *Conner v. Stewart*, after considering the merits of Conner's arguments, the Magistrate Judge recommended that his habeas petiton be denied. (*Id.* at Doc. 7, p. 14). The District Judge adopted the Magistrate

6

Judge's recommendation and entered judgment in favor of the respondent. (*Id.* at Docs. 10, 11).

Based on the foregoing, the Court finds that Conner's instant petition is a successive petition for the purposes of § 2244(b) because it challenges the same 2013 conviction and sentence that he previously challenged in this Court. As noted above, this Court denied Conner's request for habeas relief in his first petition on the merits; thus, that petition qualifies as a first petition for determining successor status under § 2244(b). *See Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). Conner admits that he did not seek, much less obtain, permission from the Eleventh Circuit Court of Appeals before filing the instant successive petition. (Doc. 12). Conner's argument that his actual innocence permits a second or successive federal habeas petition must be presented to the Eleventh Circuit for consideration. *See Jeremiah v. Terry*, 322 F. App'x 842 (11th Cir. 2009) (per curiam) (holding that petitioner was required to seek Eleventh Circuit's permission to file successive § 2254 petition raising claim of newly discovered evidence of actual innocence, so the district court properly dismissed for lack of jurisdiction); *Tompkins*, 557 F.3d at 1260 (stating that "the proper procedure" for a petitioner seeking "to assert a claim in a second habeas petition because of newly discovered facts about events that occurred before the filing of the first petition" would be to "obtain from [the Eleventh Circuit] an order authorizing the district court to consider the second or successive petition"). In addition, the fact that Conner's first petition was filed *pro se* and the instant petition was filed through counsel does not affect the necessity of seeking permission from the Eleventh Circuit to a file a

successive petition. *See Lindsey v. Dunn*, Civ. A. No. 20-00238-WS-B, 2020 WL 5248554, at *2-3 (S.D. Ala. Aug. 7, 2020).

Accordingly, the undersigned recommends that Conner's present habeas petition be dismissed without prejudice for lack of jurisdiction based on Conner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).  *See Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam); *Tompkins*, 557 F.3d at 1259.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases. The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further.""") (quoting *Slack*, 529 U.S. at 484).

In the instant action, Conner has not demonstrated that he applied to and received permission from the Eleventh Circuit to file his successive federal habeas petition; thus, this Court is without jurisdiction to consider the instant petition. *See Hill*, 112 F.3d at 1089. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Conner should be allowed to proceed further. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned submits that no reasonable jurist could find it debatable whether Conner's petition should be dismissed.  As a result, Conner is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

## **CONCLUSION**

For the reasons set forth above, the undersigned **RECOMMENDS** that Petitioner Willie Lee Conner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED without prejudice** for lack of jurisdiction due to Conner's failure to comply with 28 U.S.C. § 2244(b)(3)(A). The undersigned also submits that Conner is not entitled to a certificate of appealability and is further not entitled to proceed *in forma pauperis* on appeal.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

DONE this the **26**th day of **July, 2021**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**